## Case No. 15,396.

### UNITED STATES v. HOUGHTON.

[14 Int. Rev. Rec. 126.]

District Court, D. Massachusetts. Oct. 10. 1871.

REVENUE LAWS — STAMP DUTIES — SELLING UNSTAMPED ARTICLES—INDICTMENTS.

1. This case brings up for decision the questions growing out of the indictments found against apothecaries for selling and exposing for sale certain articles mentioned in Schedule C of the act of June, 1864 [13 Stat. 223]. Held, that section 169 of this act, as re-enacted by the statute of 1866 [14 Stat. 98], refers to section 167, since there is nothing else it can refer to, and keeps it operative, so that it is not repealed by the re-enactment of section 165 in its application to persons who sell but do not manufacture, even if it be repealed as to manufacturers, which is not decided.

2. Selling and exposing for sale are treated as different things throughout the statute, and congress has omitted to say that persons who are not manufacturers shall be liable to penalties except in respect to selling without stamps; it is held, therefore, that the only counts of the indictment which can be sustained, are those which charge actual sales. As the counts which charge sales are within the statute, and all good, the demurrer is overruled.

[This was an indictment against S. S. Houghton for selling, or exposing for sale, unstamped articles, in violation of the revenue laws. Opinion on demurrer.]

D. H. Mason, F. W. Hurd, and E. P. Nettleton, for the United States.

Hillard, Hyde & Dickinson, for defendant.

LOWELL, District Judge. A large number of indictments has been found against apothecaries for selling and exposing for sale certain articles mentioned in Schedule C of the act of 30 June, 1864 (13 Stat. 301); and the questions presented by the demurrer in this case arise in all the cases, and have been ably and thoroughly argued. Some of the points can only be understood by a constant reference to the very language of the several statutes, which must necessarily be a little tedious. Section 165 of the act of 1864 imposed a penalty of $10 since raised to $50, on any one who should make, prepare and sell, or remove for consumption and sale, any of the things on which a stamp duty was imposed by Schedule C, without affixing thereto a stamp denoting the duty. Section 167 imposed a penalty of $100 on every manufacturer of the same articles who should sell, send out or deliver any such article before the duty thereon should have been fully paid by affixing the proper stamp, or who should hide. etc., any such article to evade the duty chargeable thereon. Section 169 was, that any person who should offer for sale any of these articles should be deemed the manufacturer, and (be) subject to

all the duties, liabilities, and penalties imposed by law in regard to the sale of domestic articles without the use of the proper stamps denoting the duty. The act of March 3, 1865 (13 Stat. 482), adds "expose for sale," to "sell" in section 167. The statute of 13 July, 1866 (14 Stat. 144), re-enacts sections 165 and 169 with some amendments, and says nothing about section 167. This indictment is founded on sections 169 and 167 taken together. The first point taken is that section 167 is repealed by implication by the re-enactment of section 165, so far as selling is concerned; because this section imposes a penalty of only $50 on a manufacturer who sells without affixing the stamp. and section 167 of the act of 1864 imposes $100 for substantially the same offence. I have exercised my ingenuity in vain to discover any difference between the two sections as applied to sales by an actual manufacturer. It does seem to me that under them he is liable to a different punishment for the same offence. There are some offences in each section which are not in the other, but the maker of any of these articles who sells it without affixing the stamp is to pay $50 by the one section and $100 by the other. How it is possible to say, with the district attorney, that one is a non-feasance and the other a mal-feasance. I cannot see, because the supposed acts are precisely similar, and the same evidence would prove either offence. These difficulties are equally found in the act of 1864, where both sections were enacted together, and even as far back as sections 107 and 109 of the act of July 1, 1862 (12 Stat. 478, 479). I at first thought that they might be reconciled by construing the words in section 167 "to evade the duty," etc., as qualifying the whole section, which would make, or might make, the very difference between a careless omission and a wilful default; but I am satisfied that those words do not apply to the first clause. The section is. that any person who shall sell. etc., before the duty shall have been fully paid, or who shall hide. etc., the article to evade the duty, shall be liable, etc. The argument of the attorney here is very forcible, that the latter acts are equivocal, and need to be characterized by an intent, while the former are in themselves a breach of the law. Besides. the context refers these words more fairly to the last clause or member of the sentence. It reads, who shall sell. etc., before the duty is paid, —or who shall hide, etc., to evade the duty, and not who shall do two kinds of acts with intent to evade duties. The duties are actually evaded in the one class of cases; and in the other certain acts otherwise proper are qualified by an illegal intent. It seems to me, therefore. that sections 165 and 167 are to some extent inconsistent, and it may be that one or the other is repealed or is invalid. so far as the inconsistency exists; but there is none such in the case of persons not actual manufacturers. because section 165

applies only to those who make and sell, and section 167 construed with section 169 applies to all quasi manufacturers as well, who sell but do not make. Section 169 is without meaning and void unless it refers to section 167, because it imposes on all sellers in respect to selling the same liabilities as if they were manufacturers; but manufacturers are not liable for mere selling by section 165. I hold, therefore, that section 169, as re-enacted by the statute of 1866, refers to section 167, since there is nothing else that it can refer to, and keeps it operative, so that it is not repealed by the re-enactment of section 165 in its application to persons who sell but do not manufacture, even if it be repealed as to manufacturers, which I do not decide. One other very important point, which was not taken by the defendant, but was suggested to me at the argument, is this: Section 169, in all the statutes in which it appears, including the last (14 Stat. 144), makes persons who sell, etc., quasi manufacturers and subject to the duties, liabilities, and penalties imposed by law in regard to the sale of domestic articles without the use of the stamps, etc. It does not say in terms that they shall be liable for exposing for sale, nor for hiding, etc.; nor for removing for consumption or sale, nor for taking off stamps which have once been affixed. The history of the omission is plain enough. It arose from the fact that exposing for sale formed no part of section 167 until it was inserted by the statutes of 1865; and when it was inserted, section 169 was not changed to correspond with the amendment. Now, then, it is clear that in 1864 selling in section 169 meant selling and nothing more, and I do not see how it can mean selling and exposing for sale, any more than it can include all the other acts for which manufacturers are liable. Selling and exposing for sale are treated as different things throughout the statute, and congress has omitted to say that persons who are not manufacturers shall be liable to penalties excepting in respect to selling without stamps. It would be an unreasonable stretch of language to say, under these circumstances and with this history before us, that the words, when re-enacted, created offences which did not exist before, and which are not within the fair scope of the words themselves. I hold, therefore, that the only counts of this indictment which can be sustained are those which charge actual sales. The objections to these counts will be briefly considered: (1) That it is not distinctly and affirmatively alleged that the article is subject to a stamp duty. I think that this is sufficiently shown by the charge that it was an article mentioned in Schedule C of the act of congress, etc. (2) That the defendant is not called a manufacturer. He is described as a person who did offer and expose for sale, which makes him liable to the penalty. The word manufacturer might perhaps have been used, but it would have been equivocal, while the indictment follows the language of the act, namely, that one who offers for sale shall be liable to the duties, etc., in regard to selling, which are imposed by the law. The statute, indeed, says that he shall be deemed a manufacturer, but his status is ascertained by the fact that he is one who offers and exposes those articles for sale, so that when he actually sells without a stamp he has incurred the penalty. (3) That Schedule C should be referred to with the addition of "as amended." This would be so if the article sold came within the amendment; but it does not, and although the article is within the schedule as amended it is also within the original schedule, which has never been repealed or re-enacted; for the act of 1866 contains no schedule. (4) That the indictment does not allege that the articles were either imported or of foreign or domestic manufacture. The argument is, that if there are any articles in Schedule C that are mere natural products of the United States, section 169 would not apply to them. None such were pointed out, and I am not aware that there are any such; and the language is not intended to restrict the operation of the section, but rather to extend it, and means, I suppose, simply whether the articles are foreign or domestic, the law assuming that they are all manufactures. (6) That the counts for selling are bad for duplicity because they charge both an offering for sale and a selling. This is a misapprehension. There is no charge in those counts of offering for sale before affixing the stamps; the offering is only laid to show that the defendant is within section 169, and then the sale without stamps is charged as the criminal act.

Though this is hardly a criminal offence, it has been decided in the circuit court, with my concurrence, that an indictment will lie. U. S. v. Abbot [Case No. 14,416]. As the counts which charge sales are within the statute, and all good, the demurrer must be overruled. Order accordingly.